## CIRCUIT COURT OF FAIRFAX COUNTY

NationsBank
of Virginia

v.

Cookies, Inc., and
Phoenix International
Marketing Corp.

July 21, 1993

Case No. (Law) 112662

BY JUDGE THOMAS A. FORTKORT

This case comes before the Court on cross-motions for summary judgment filed by plaintiff NationsBank of Virginia and defendant Phoenix International Marketing Corporation. For the reasons set forth below, defendant's motion is denied. Summary judgment is granted to plaintiff NationsBank.

The facts underlying this case are set forth in the pleadings and memoranda filed by the parties and in a joint stipulation of facts. Defendant Cookies, Inc., maintained an account with plaintiff Nations-Bank. On May 29, 1990, Phoenix issued a check for $40,298.59 payable to a Mr. Bill Odom. Mr. Odom endorsed the check, and it was deposited in Cookies' account at NationsBank. Six days later, Cookies issued its own check in the amount of $17,300.00, which it used to purchase a cashier's check in that amount. The following day, after those funds had been withdrawn, NationsBank learned that Phoenix had stopped payment on the original ($40,298.59) check. NationsBank charged back the Cookies account, resulting in an overdraft of $15,633.19. They now seek to recover that amount from Phoenix.

In its memorandum, NationsBank convincingly elucidates its claim to the status of a holder in due course, as defined by the Virginia Code. Va. Code Ann. § 8.3–302 (1950). A holder in due course is a holder

who takes an instrument for value, in good faith, and without notice of any dishonor, claim, or defense. *Id.* From the statements contained in the joint stipulation of facts, it is clear that NationsBank acquired a security interest in the Phoenix check by allowing the proceeds of that check to be withdrawn. Va. Code Ann. § 8.4–208 (1950). The acquisition of that security interest constitutes "value" for the purposes of determining holder in due course status. Va. Code Ann. § 8.4–209 (1950).

The second requirement of a holder in due course is that the holder have taken the instrument without notice of any claim or defense. The Virginia Supreme Court has ruled that "notice" on the part of the holder is "either actual knowledge of the infirmity in the instrument or knowledge of such facts that his action in taking the instrument amounts to bad faith." *Lawton v. Walker*, 231 Va. 247, 343 S.E.2d 335 (1986). Mere negligence or the awareness of suspicious circumstances is insufficient to deny the holder due course status. *Id.* Phoenix has failed to show that NationsBank had any notice of the stop payment order when the latter advanced funds against the check.

The final element of holder in due course status is good faith. There is nothing in the stipulation of facts to suggest an absence of good faith in the transaction at issue, nor does Phoenix raise any such argument in its memorandum. To support its own motion for summary judgment, Phoenix relies on those provisions of the Virginia Code setting forth the bank's obligations regarding collection and rights to revocation. Va. Code Ann. §§ 8.4–202; 8.4–212; 8.4–213 (1950). Phoenix places particular reliance on § 8.4–212, which provides that a bank's rights to revoke, charge back, or obtain refund terminate upon final payment by the bank. Va. Code Ann. §§ 8.4–212. Phoenix contends that this finality (the posting of the check) eradicates their liability for the check they issued. However, § 8.4–212 regulates the bank's relationship with its customer, not with third parties. Indeed, subsection (5) of § 8.4–212 expressly states that "failure to charge-back or claim refund does not affect other rights of the bank against the customer or any other party." *Id.*

Summary judgment is granted to plaintiff NationsBank in accordance with Rule 3:18 of the Virginia Supreme Court.